UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ROBERT DAMIAN JOYCE,<br><br>     Plaintiff,<br><br>v.<br><br>STATE OF TEXAS, et al.,<br><br>     Defendants. | No. 1:20-CV-145-H-BU |

# ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is pro se and in forma pauperis plaintiff Robert Damian Joyce's (1) Motion for Class Certification, (2) Second Motion for Class Certification, (3) Motion to Amend Class Certification, (4) Renewed Motion for Class Certification, (5) Motion for Reconsideration of Class Certification, (6) Motion for Relief from Judgment or Order (Denial of Class Certification), and (7) Second Motion for Appointment of Counsel. Dkt. No. 22. United States Magistrate Judge John R. Parker made a second Findings, Conclusions, and a Recommendation concerning these motions on December 22, 2021. Dkt. No. 23. Joyce timely filed an objection that "objects to all and everything of the" second FCR, but he appears to primarily challenge the Magistrate Judge's recommendation concluding that exceptional circumstances did not exist to warrant an appointment of counsel in his case. Dkt. No. 24 at 1.

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1). As noted by Judge Parker, "[s]ix of Joyce's current motions pertain in one form or another to Joyce seeking a third bite at the class-certification apple," and "Joyce also brings a Second

Motion for Appointment of Counsel." Dkt. No. 23 at 3. As a preliminary matter, the Court construes Joyce's numerous motions (Dkt. No. 22) as motions for: (1) reconsideration of the Court's former order (Dkt. No. 21) accepting an FCR denying class certification (Dkt. No. 19); (2) class certification based on Joyce's amended complaint (Dkt. No. 20); and (3) appointment of counsel. *See* Dkt. Nos. 23 at 4–6; 24 at 6. As explained below, the Court adopts the Magistrate Judge's FCR and overrules Joyce's objections.

1. **Motion for reconsideration of the Court's former order accepting the FCR is denied.**

No provision of the Federal Rules explicitly authorizes a motion to reconsider. But Federal Rule of Civil Procedure 59(e) allows a party to move within twenty-eight days to alter or set aside a judgment, and courts have construed that rule to permit district courts to reexamine and alter their findings and conclusions in limited circumstances. *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). For the Court to do so, a movant must demonstrate that the motion is necessary to (1) correct manifest errors of law or fact upon which the judgment is based; (2) allow for consideration of newly discovered or previously unavailable evidence; (3) prevent a manifest injustice, such as that arising from serious misconduct by counsel; or (4) address an intervening change in controlling law. 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2810.1, 157–62 (3d ed. 2012) (Wright & Miller); *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A motion to reconsider may not be used to relitigate old matters or to present evidence or arguments that should have been offered before judgment was entered. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); Wright & Miller § 2810.1, 163–64; *see also Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

District courts have considerable discretion in balancing the competing needs for accuracy and finality when faced with a motion to reconsider. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355–56 (5th Cir. 1993). Reconsideration of a judgment is an extraordinary remedy that should be granted sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). So only when a district court commits an error that is "plain and indisputable, and that amounts to a complete disregard of the controlling law[,]" can its decision be "manifestly erroneous." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

After the first FCR recommended denial of Joyce's two motions to certify a class, Joyce had 14 days to object. *See* Dkt. No. 19 at 7–8. Joyce failed to do so. The Court reviewed the FCR for clear error and, finding none, accepted the FCR. Dkt. No. 21. Not only did Joyce not object when given a chance to, but he acknowledges that his motions for class certification and to amend class certification were to correct deficiencies that were identified in the first FCR. Dkt. Nos. 22-1 at 28–29; 22-2 at 28–30. And Joyce's objection to the present FCR does not present any of the above-mentioned factors to warrant reconsideration. *See* Dkt. No. 24. As a result, the Court denies Joyce's motion to reconsider the Court's former order accepting the FCR.

2.   **Motion for class certification based on Joyce's amended complaint is denied without prejudice because the Magistrate Judge has not completed the preliminary screening of Joyce's in forma pauperis claim under 28 U.S.C. § 1915.**

The Magistrate Judge did not address Joyce's third motion for class certification on the merits. *See* Dkt. No. 23 at 5–6. Rather, Judge Parker noted that "Joyce's claims are still subject to preliminary screening under 28 U.S.C. § 1915, and until the Court completes that screening, a motion for class certification is premature." *Id.* at 5. Under 28 U.S.C.

3

§ 1915(e)(2)(B), in forma pauperis actions are subject to screening and dismissal if the court determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Judge Parker also noted that Joyce's third motion to a certify a class was not filed within 90 days of the filing of his class-action complaint as required by Local Civil Rule 23.2. *Id.* He concludes that judicial economy would be best served by denying Joyce's third motion to certify a class without prejudice, pending the Magistrate Judge's preliminary screening to determine which claims have merit. *See generally* 28 U.S.C. §§ 1915(e)(2), 1915A.

"[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). The Court notes that Judge Parker did, in fact, consider Joyce's former two motions to certify a class in the first FCR. *See* Dkt. No. 19 at 3–7. And the Court accepted his recommendations denying both motions. Dkt. No. 21. Joyce now seeks a third bite at the apple before the Magistrate Judge has completed his screening under Section 1915(e)(2) to determine which of his claims, if any, has merit. Additionally, Joyce's complaint remains unserved pending this screening. *See* Dkt. No. 17.

While Joyce's desire for expedited relief is understandable, allowing Joyce to proceed on his third motion for class certification before the screening is completed would not serve judicial economy and the preservation of litigation resources. The Court, therefore, denies

4

Joyce's third motion to certify a class without prejudice to refiling such a motion when the Court resolves which claims and parties will survive Section 1915(e)(2) screening.

### 3.     Joyce's second motion for appointment of counsel is denied based on the lack of exceptional circumstances.

"There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel." *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)).  Only in "exceptional circumstances" will a court appoint counsel in a civil case.  *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (quoting *Ulmer*, 691 F.2d at 212).  The Fifth Circuit names the following as a non-exhaustive list of factors that should be considered in determining whether exceptional circumstances warrant the appointment of counsel:

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Id.* (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (internal quotation marks and citation omitted)).

Thus far, the Magistrate Judge has not had the opportunity to fully screen Joyce's claims for their merits.  Therefore, evaluating the type and complexity of Joyce's case as well as the difficulty of evidence presented is premature because the Court has yet to investigate which claims and parties should survive Section 1915(e)(2) review.  But the Magistrate Judge notes that the present circumstances are not exception and that Joyce, by his numerous filings, "has shown himself quite capable of investigating and presenting his

5

case to the Court." Dkt. No. 23 at 7–8. The Court agrees. The Court finds that appointment of counsel is premature until the Section 1915(e)(2) review is complete. Therefore, Joyce's second motion for appointment of counsel is denied without prejudice to refiling until after the Court determines which claims survive Section 1915(e)(2) screening.

    So ordered on February 3, 2022.

_____<br>
JAMES WESLEY HENDRIX<br>
UNITED STATES DISTRICT JUDGE