IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBERT DAMIAN JOYCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:20-CV-00148-H-BU |
| 180 HOUSE INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER STAYING PROCEEDINGS
AND ADMINISTRATIVELY CLOSING CASE**

Plaintiff ROBERT DAMIAN JOYCE brings this lawsuit against defendant 180 House Inc. alleging that it violated the Trafficking Victims Protection Act. Dkt. No. 27. The Court finds it necessary to require Joyce to respond to a Magistrate Judge's Questionnaire filed the same day as this Order. Because additional time will be needed to receive and review Joyce's responses, the Court will temporarily stay and administratively close this case pending receipt of the records.

"The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation . . ." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The power to grant a stay is particularly broad where there is not a "fair possibility" that the stay "will work damage to someone else." *See SuperMedia Inc. v. Bell*, No. 3:12–

CV–2034–G, 2012 WL 5389683, at *1 (N.D. Tex. Nov. 2, 2012) (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)); *see also Ramu*, 903 F.2d at 318 (noting that a district court ordinarily has "wide discretion" to grant "[t]he stay of a pending matter"). Notwithstanding a district court's wide discretion in this area, a stay must not be "'immoderate or of an indefinite duration.'" *Ramu*, 903 F.2d at 318 (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

Here, particularly during the preliminary screening stage, there is not a fair possibility that a stay will harm someone else, and Joyce's responses are necessary to properly screen his claims. Additionally, limiting the stay to thirty (30) days will prevent the stay from being an immoderate or indefinite length. For these reasons, the Court ORDERS that the above-styled and numbered cause is STAYED and ADMINISTRATIVELY CLOSED pending the Court's receipt of Joyce's responses to the Magistrate Judge's Questionnaire, but no later than thirty (30) days from this Order.

ORDERED this 9th day of February 2024.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE